JOSEPH FELDMAN, RESPONDENT, v. WILLIAM H. HALPIN, APPELLANT.

Submitted March 17, 1921—Decided June 8, 1921.

1. In order for a plaintiff to recover in an action for deceit on the part of defendant in a contract between them, the fraud complained of must have been the procuring or superinducing cause of the plaintiff's contract, and without the existence of which he would not have entered into the contract, and the fraud must be intentional and designed to deceive, and not an honest mistake concerning which the plaintiff was in a position to practically inform himself as well as the defendant.

2. Where a fraudulent representation is made after a sale it is not actionable.

3. Where plaintiff entered into a contract for the purchase of a property and paid part of the consideration, and the defendant. later submitted an estimate of the rentals of the same and the taxes paid on the property, which estimate was not true in fact, the plaintiff may not recover his deposit on the ground of fraud and deceit, since the representations were not made until after the contract was executed; and could not be the superinducing cause of its execution.

On appeal from the Hoboken District Court.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the respondent, *Isador Haber.*

For the appellant, *Charles William Kappes.*

The opinion of the court was delivered by

MINTURN, J. The state of the case on appeal shows that the suit was brought to recover $400, paid by plaintiff to defendant as agent of one George C. Rein, owner, as a deposit on the sale of certain real estate in North Bergen, Hudson county, on the ground of fraud and deceit, resulting from defendant's misrepresentations as to the value of the premises, by which the plaintiff was misled into purchasing the same to his damage. The proof upon the part of plaintiff showed that for some months the plaintiff had been endeavoring to rent one of the stores located in the premises at $35 per month, and the defendant had accepted him as a tenant, subject to proceedings to dispossess the present tenant, who was paying $25 per month. The gravamen of the complaint is that defendant represented that the same store at the time of the execution of the contract of sale was rented for $35, when in fact it was rented for $25, and that the taxes against the property were higher than represented.

It also appeared that prior to the execution of the contract plaintiff had procured from defendant's office a statement of the rents of the property, aggregating $1,980 yearly; that plaintiff had been familiar with the property and paid $400

on account of its purchase without any other assurance or representation until after the contract had been executed and the $400 paid. After the execution of the contract and the payment of the check plaintiff's lawyer asked for an affidavit as to defendant's authority to contract, including the amount of the rents and charges. This was furnished, but purported to be only an estimate or approximation and could not in any event be said to have influenced the plaintiff, or be deemed the superinducing cause of the contract, because at that time the plaintiff had paid his deposit and executed the contract.

The contract itself contained no provision on the subject and no claim of any kind was made until the day when the title was to be passed, and the deed was ready for delivery. Conceding that this situation presented a misrepresentation as to the exact amount of rents then derivable from the store, a fact which the plaintiff knew as well as defendant, as well as the taxes chargeable against the property, which he could at any time have ascertained, still the rule is fundamental and well settled by the adjudications of this court that the fraud complained of must have been the procuring or superinducing cause of the plaintiff's contract, and without the existence of which he would not have entered into the contract. 2 *Add. Torts* 1182; *Mount* v. *Loizeaux*, 86 *N. J. L.* 511; *Industrial Loan Co.* v. *Plummer*, 84 *N. J. Eq.* 184; 13 *C. J.* 382, and cases; 12 *R. C. L.* 322; *Cowley* v. *Smythe*, 46 *N. J. L.* 380; *Britton* v. *Royal Arcanum*, 46 *N. J. Eq.* 109.

The fraud must be intentional and designed to deceive, and not an honest mistake concerning which the plaintiff was in a position to practically inform himself as well as the defendant. 2 *Add. Torts* 1185.

"Deceit," says an eminent writer, "rests primarily on the mental attitude, and it must be made as the basis for the action of the other party." 2 *Jag. Torts* 561; *Nash* v. *Trust Co.*, 159 *Mass.* 437.

The intent to deceive by the statement cannot be predicated here as the basis for plaintiff's contract, because, obviously, he had already executed the contract and paid the consideration

price, and as Lord Holt observed, concerning a warranty: "If a man sells goods and afterwards warrants them, such warranty is not good. But in the other case the warranty is part of the contract." *Lysney* v. *Selby,* 2 *Ld. Raym.* 1118.

And so it has been expressly declared that where the representation was made after the sale, it is not actionable. *Farmers Association* v. *Scott* (*Kan.*), 36 *Pac.* 978; *Byard* v. *Holmes,* 34 *N. J. L.* 296.

In the absence of testimony from which it can be reasonably inferred that the plaintiff was deceived by defendant's representation, it follows that the plaintiff could not have suffered legal damage, and hence the action will not lie.

The motion to nonsuit should have been granted, or a judgment for the defendant should have been entered upon the undisputed facts at the close of the case.

The judgment appealed from will be reversed.